## Case No. 15,138.

### UNITED STATES v. FOSSAT.

[Hoff. Land Cas. 373.][1]

District Court, N. D. California. June Term, 1858.

CONTINUANCE — ADDITIONAL PROOFS — MEXICAN LAND GRANT.

Where a cause is remanded for further proceedings, involving additional proofs, the United States are entitled to a reasonable time in which to close their testimony.

---

[1] [Reported by Numa Hubert, Esq., and here reprinted by permission.]

This was an application by the district attorney for a continuance, in order to produce further testimony.

P. Della Torre, U. S. Atty., for continuance.

A. P. Crittenden, against it.

HOFFMAN, District Judge. This cause having been set for a hearing on this day, a continuance is moved for on the part of the United States, in order that further testimony may be produced. The motion is strenuously resisted on the part of the claimant. To determine whether the court, in the exercise of its discretion, should grant it, the previous proceedings in the cause should be adverted to. The transcript from the board of commissioners was filed in this court on the 2d of November, 1854. A notice of appeal by the United States was duly filed February 20, 1855. The cause remained pending in this court until August 13, 1857, —a period of two years and six months,— when the proofs on both sides having been closed, it was argued and submitted. No suggestion on either side was then made that the cause was not fully ready for hearing, nor any application for further delay, nor was it intimated by the parties that any further testimony was desired or could be obtained. The decree of this court was signed on the 17th of August [Case No. 15,137], and an appeal having been taken by the United States, it was heard by the supreme court at the last term. The mandate and opinion of the supreme court were filed in this court on the 17th of June, 1858. By the mandate the cause was remanded to this court, with directions to enter a decree in conformity to the opinion of the supreme court. [20 How. (61 U. S.) 413.] By that opinion it appears that, in entering the decree, "the external boundaries designated in the grant were to be declared by this court from the evidence on file, and such other evidence as may be produced before it."

The mandate and opinion having been filed on the 17th of June, a motion was made on the 23d of June, that a decree be filed designating the external boundaries, as directed by the supreme court. On the application of the district attorney, the hearing of this motion was postponed until June 30th. On that day the district attorney stated that he desired to produce further testimony on the part of the United States, and an order was made referring the cause to a commissioner to take proofs, with liberty to either party to move to set the cause for a hearing in default of due diligence on the part of the opposite side. Under that order various depositions were taken on the part of the United States. On the 3d of August, notice of a motion to set the cause for a hearing was given by the claimant, and on the 9th of August the motion was heard. It was thereupon ordered by the court, the United States

attorney consenting thereto, as appears by the order and the minutes of the court, that the testimony on both sides be closed on the 21st of August, and the cause set for a hearing on the 24th of August. Depositions were accordingly taken by the United States on the 18th and 19th of August. On the 24th of August the district attorney again moved for further time to take testimony, which was opposed by the counsel for claimant. The court, after hearing argument, ordered that further time should be allowed, viz., until the 28th, and that the cause be set for a hearing on that day. The district attorney now moves (August 28th) for further time to take testimony. He does not state to the court the names of any witnesses he proposes to examine, their number, nor the facts intended to be established by them, that the court may judge of their materiality. He declines to indicate any time within which the proofs will be closed, but insists on the right to examine witnesses, so long as it shall appear to the court that he is proceeding therein without unnecessary delay.

On the part of the claimant it is urged that any further postponement of this cause will in all probability prevent its being heard by the supreme court at its ensuing term. It would be deeply regretted by the court if this litigation, so long protracted, and involving such vast interests, should not at the next term of the supreme court be determined. The question, however, for my consideration is, have the United States had such reasonable time for taking proofs as ought to be allowed them? It is to be observed that in the opinion of the supreme court, this court is directed to "declare the external boundaries of the grant from the evidence on file, and such other evidence as may be produced," etc. It is clear that this court was bound to afford a reasonable opportunity to take the further evidence on which its declaration of the boundaries was to be founded. From the 30th of June, the date of the order directing the evidence to be taken, the cause has been prosecuted by the United States with diligence. On the 18th and 19th of August depositions were taken, and on yesterday and the day before witnesses were examined both on the part of the United States and the claimant. Certainly no laches or unnecessary delay can be imputed to the district attorney. He now states that he has other witnesses, whose testimony he will proceed to take at once if the opportunity be afforded.

With the strongest desire to bring this cause to a termination, I do not feel at liberty under the directions given by the supreme court to refuse the application. If two years and a half was not an unreasonable time for the taking the original testimony in this court, less than two months can hardly be deemed sufficient when the supreme court have seen fit to send back the cause, in ef-

fect, for further proofs. The court is assured by the district attorney, in the most emphatic manner, that he has no wish to delay the cause, but that he only desires time to submit proofs important to the interests of the United States, and which are in readiness to be taken. I do not feel at liberty to deny him the opportunity of doing so. An order must be entered allowing the district attorney ten days further time to produce testimony in the case.

[For the subsequent proceedings in the location of the boundaries of this grant, see Case No. 15,139, and note.]